**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JIPING RIZK, | DOCKET NUMBER |
| Appellant, | CH-0752-13-4550-I-3 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: September 14, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jiping Rizk, Columbus, Ohio, pro se.

Cynthia C. Cummings, Esquire, and Richard L. Byrnes, Esquire, Indianapolis, Indiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant was removed from her noncritical sensitive (NCS) position of Accountant, GS-9, with the agency's Defense Finance and Accounting Service (DFAS), effective August 10, 2013. The agency based the action on the appellant's loss of "eligibility for access to classified information and/or occupancy of a sensitive position." *Rizk v. Department of Defense*, MSPB Docket No. CH-0752-13-4550-I-1, Initial Appeal File (I-1 IAF), Tab 1. The record reflects that the appellant moved to the United States from China in 1993 and became a U.S. citizen. In 2007, she began working as an Accounting Technician at DFAS and was subsequently promoted to Accountant. In a Statement of Reasons dated August 4, 2009, the Washington Headquarters Service Consolidated Adjudication Facility (CAF) proposed to deny the appellant's eligibility for access to classified information and/or occupancy of a sensitive position due to information she provided about foreign travel, close family members in mainland China, and a Chinese bank account for her son. *Rizk v. Department of Defense*, MSPB Docket No. CH-0752-13-4550-I-2, Initial Appeal File (I-2 IAF), Tab 7 at 30-35, 46-47 of 84 (agency redacted document). The appellant responded through counsel that her poor English proficiency caused

misunderstandings regarding her answers. *Id*. at 30-35 of 84. On June 5, 2012, the CAF issued a letter revoking her access, and, on April 19, 2013, the CAF's clearance appeal Board issued its final determination to deny the appellant's eligibility for access to classified information and/or occupancy of a sensitive position. I-2 IAF, Tab 7 at 4, 41 of 84 (agency redacted document). The agency proposed the appellant's removal on May 6, 2013, for failure to meet a qualification for continued employment in her position. I-2 IAF, Tab 7 at 83 of 90. The deciding official, noting that the appellant's removal was not disciplinary in nature, sustained the charge and removed her effective August 10, 2013. I-2 IAF, Tab 7 at 72-79 of 90. The appellant filed this appeal. I-1 IAF, Tab 1.

¶3     The administrative judge found that the agency demonstrated by preponderant evidence that the appellant held an NCS position and that the agency met its burden of proving that the appellant was found ineligible to hold an NCS position based on the CAF's revocation of her eligibility to access classified information and/or occupy a sensitive position. *Rizk v. Department of Defense*, MSPB Docket No. CH-0752-13-4550-I-3, Initial Appeal File, Tab 13, Initial Decision (ID) at 3. The administrative judge further found that the agency complied with the procedures required by 5 U.S.C. § 7513(b) in removing the appellant from her position and that the agency established the required nexus between its adverse action and the efficiency of the service. ID at 4-5. In addition, the administrative judge found no evidence that a statute or agency regulation gives the appellant the right to transfer to a nonsensitive position and, in the absence of a statute or regulation requiring the agency to seek out alternative employment, the Board lacks the authority to review whether her reassignment to a position not requiring a security clearance would have been reasonable. ID at 5-6. Finally, to the extent the appellant alleged that the agency discriminated against her on the basis of her Chinese national origin by revoking her eligibility for access to classified information and her ability to occupy an

NCS position, the administrative judge found that the Board lacks authority to review this claim because it would involve an inquiry into the validity of the agency's reasons for deciding to revoke the appellant's access.  ID at 6.

¶4        The Board's review of the agency's action in this case is limited.  In an en banc decision in *Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013), *cert. denied*, *Northover v. Archuleta*, 134 S. Ct. 1759 (2014), the U.S. Court of Appeals for the Federal Circuit held that the Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518, 530 (1988), prohibits Board review of national security determinations by the Department of Defense (DOD) concerning the eligibility of an individual to occupy a "sensitive" position, regardless of whether the position requires access to classified information.  *See Conyers*, 733 F.3d at 1150-52, 1166-67.  In support of this holding, the court found that "there is no meaningful difference in substance between a designation that a position is 'sensitive' and a designation that a position requires 'access to classified information.'  Rather, what matters is that both designations concern national security."  *Id.* at 1160. Accordingly, under the Federal Circuit's decision in *Conyers*, the limited scope of review set forth in *Egan* applies to appeals such as this one, where an adverse action is based on the decision that an employee is not eligible to occupy an NCS position. *See Conyers*, 733 F.3d at 1158-60; *Ingram v. Department of Defense*, 120 M.S.P.R. 420, ¶ 9 (2013).

¶5        In *Egan*, the Supreme Court held that the Board does not have authority to review the substance of a security clearance determination, contrary to what is required generally in other adverse action appeals.  *Egan*, 484 U.S. at 530–31. The Court also held that, in an appeal under 5 U.S.C. § 7513 based on the denial of a security clearance, the Board has authority to review only whether: (1) an Executive Branch employer determined that the employee's position required a security clearance; (2) the clearance was denied or revoked; (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513; and (4) transfer to a nonsensitive position was feasible when another source, such as a

statute or regulation, provides the employee a substantive right to such reassignment. *Conyers*, 733 F.3d at 1150-52 (citing *Egan*, 484 U.S. at 530). The Court ruled that "[n]othing in the [statute enacting 5 U.S.C. § 7513] . . . direct[ed] or empower[ed] the Board to go further." *Egan*, 484 U.S. at 530. Our review therefore is limited to the issues set forth in *Egan*.

¶6       On review, the appellant challenges the merits of the security clearance determination that led to her removal. Petition for Review (PFR) File, Tabs 1, 7. Specifically, she questions why she did not pass the security clearance. *Id.* The appellant argues that, if the Board lacks authority to review the security clearance determination, how can it be found that the agency's decision to remove her was valid. *Id.* She asserts that she has worked for the government for more than 6 years and that the loss of her security clearance does not justify removing her. She contends that the agency should place her in a position that does not require a clearance. PFR File, Tab 7.

¶7       In applying the limited scope of review under *Egan*, we must affirm the agency's removal action. *See Ingram*, 120 M.S.P.R. 420, ¶¶ 12–13. The appellant's Accountant position required that she maintain eligibility to occupy an NCS position. I-2 IAF, Tab 7 at 52-56 of 84. Further, the CAF issued a final decision denying the appellant's eligibility for access to classified information and/or occupancy of a sensitive position. *Id.* at 4 of 84. In addition, the agency complied with the procedural protections specified in 5 U.S.C. § 7513 in removing her from her position. Specifically, the agency provided the appellant with 30 days' advanced written notice of the proposed removal, reasons for the proposed action, and a reasonable opportunity to reply. *Id.* at 83-85 of 90; *see* 5 U.S.C. § 7513(b)(1)-(2). The agency notified the appellant of her right to be represented by an attorney and provided her with a written decision letter. I-2 IAF, Tab 7 at 72-79, 82-85 of 90; *see* 5 U.S.C. § 7513(b)(3)-(4). Therefore, we

find that the agency complied with the requirements set forth at 5 U.S.C. § 7513 in removing the appellant.[2]

¶8      Additionally, while the appellant argues that the agency should have placed her in a position that does not require a security clearance, in the absence of a statute or regulation requiring the agency to seek out alternative employment, the Board lacks the authority to review whether an employee's reassignment to a position not requiring a security clearance would have been feasible. *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 15 (2014); *see Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580-81 (Fed. Cir. 1989) (finding that, in the absence of a statute, regulation, or policy mandating the transfer or reassignment of an employee who is denied a security clearance, "the Board has no role" in reviewing whether an employee should have been reassigned instead of receiving an adverse action). Here, because the record does not indicate that the agency was required to consider transferring the appellant to a nonsensitive position, the Board has no authority to review whether the agency could have reassigned her to a different position. I-2 IAF, Tab 7.

¶9      The appellant also reasserts on review that she was essentially fired for being Chinese and for keeping in contact with her family members who remain in China, and she argues that the agency discriminated against her on the basis of her Chinese national origin. PFR File, Tabs 1, 7. As the administrative judge correctly found, the Board cannot decide a discrimination claim in an appeal from an action that was based on the suspension or revocation of access to classified material because deciding the discrimination allegation would involve an inquiry into the validity of the agency's reasons for deciding to revoke the appellant's access. *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 (2010); *Hesse v.*

---

[2] It is undisputed that the agency also complied with its own procedures at chapter 8 of DOD 5200.2-R prior to CAF's revocation of the appellant's eligibility. I-2 IAF, Tab 7 at 45, 75-80 of 84; *see Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516 (2014).

*Department of State*, [82 M.S.P.R. 489](#), ¶ 9 (1999), *aff'd*, [217 F.3d 1372](#) (Fed. Cir. 2000). In *Egan*, the Supreme Court prohibited such inquiry in the context of security clearances. *Egan*, 484 U.S. at 530-31. Thus, in this appeal, the Board lacks authority to review the appellant's discrimination claim and cannot address it on the merits. *See Helms*, [114 M.S.P.R. 447](#), ¶ 9.

¶10 Accordingly, because the appellant held an NCS position and was found ineligible to hold that position, and the agency followed the procedural requirements of [5 U.S.C. § 7513](#) in processing her removal, we find no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:　　　　　　　　　_____
　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.